PER CURIAM.
In July 1992, the marriage between these parties was dissolved and the wife was awarded primary residential custody of a minor child, with the husband required to pay $467.00 per month child support. The mother then refused visitation rights to the husband. When the wife sought to compel the accrued child support arrearage, counsel for the parties entered into a non-written stipulation providing that the husband might withhold child support payments during the period of time which the wife denied him visitation with the child. On November 19, 1997, pursuant to an amended motion to determine arrearage, the trial court entered an order stating that the husband was to receive credit for five months of payments for the five months during which visitation was denied him, thus reducing the balance he owed from $6,342.00 to $4,007.00. In addition, the trial court vacated the stipulation previously referred to. The wife filed this appeal. The wife’s claim here is that she does not have the power or ability to waive the child’s right to receive child support. We must agree. Most of the case law agrees with this proposition, which is now codified as section 61.13(4)(b), Florida Statutes (1995). The parties have other remedies, which require no discourse here.
For the foregoing reasons, the order under review is reversed with directions to reinstate the previous order and enforce it.